UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
CHEN I. CHUNG,

                      Movant,

          -against-

UNITED STATES OF AMERICA,

                      Respondent.
-------------------------------------------------X

**MEMORANDUM & ORDER**

11 CV 3579 (RJD)

DEARIE, Judge.

      On April 15, 1992, following a jury trial before then-district Judge Reena Raggi, movant Chen I. Chung was convicted of multiple counts of racketeering, manslaughter and murder, see *United States v. Chung*, 90-CR-1019, Docket Entry ("DE") 16. Judge Raggi sentenced Chung to multiple concurrent terms of life imprisonment along with lesser concurrent terms. See *Chung*, Judgment, DE 69 (October 7, 1992). By mandate issued February 13, 1995, the Second Circuit affirmed the conviction and sentence except as to monetary fines. *Chung*, DE 214. On August 14, 1995, following vacatur of the fines on remand, DE 257, the final amended judgment was entered. *Chung*, DE 253. Chung took no further appeal.

      Almost a full sixteen years later, through a set of papers prepared in June 2011 and received by the Clerk on July 22, 2011, Chung moves pursuant to 28 U.S.C. § 2255 to vacate or set aside his 1992 conviction. Chung also moves for leave to file what he recognizes is an exceptionally untimely motion. DE 1, page 21 et seq.

## DISCUSSION

      Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), motions under Section 2255 are subject to a one-year statute of limitations. See 28 U.S.C. § 2255(f). The

statute begins to run, ordinarily, from "the date on which the judgment of conviction becomes final." Id., subs.(1). For Chung, that date is approximately May 15, 1995.[1] Chung does not seek to rely on any of the other events that, under the statute, might start the one-year clock at later date, such as the recognition of a new constitutional right or the delayed discovery of the basis of his claims. See generally 28 U.S.C. §2255(f)(2)-(4). Instead, Chung makes the extraordinary request that the statute be equitably tolled, for nearly sixteen years, under the principles announced in Holland v. Florida, 130 S. Ct. 2549 (2010).

The quantity of time involved in this case obviates the need for extended analysis of the tolling question. Under Holland, to be eligible for equitable tolling, a habeas petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." Id. at 2562 (internal quotation omitted). The level of diligence required is not the "maximum feasible," but only what is "reasonable." Id. (internal quotation omitted). When a petitioner claims that the "extraordinary circumstance" is his attorney's conduct, "a garden variety claim" of "negligence" or "neglect" will not suffice. Holland, 130 S.Ct. at 2564 (internal quotation omitted). Only "far more serious

---

[1] Ordinarily, "for purposes of § 2255 motions, an unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires." Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005). That window is 14 days. See Fed.R.App. P. 4(b)(1). Under this formula, Chung's amended judgment of conviction, entered August 14, 1995, would have been deemed final on August 28, 1995. Because the remand resulting in the amending of Chung's original judgment of conviction was ministerial, however, his conviction actually became final three months early, on or about May 15, 1995, ninety days after the Circuit's mandate, when his time to petition for certiorari expired. See Burrell v. United States, 467 F.3d 160, 168 (2d Cir. 2006) ("when a remand leaves only a ministerial task for the district court to perform and the remaining counts cannot be challenged on valid grounds in the district court, the conviction becomes final . . . upon the denial of a petition for a writ of certiorari or the expiration of time for filing such a petition"), cert. denied, 549 U.S. 1344 (2007); Sup. Ct. Rule 13 (petitions for certiorari must be filed within 90 days after entry of judgment) and Rule 30 (computation rule, excluding final Saturday).

instances of attorney misconduct," such as conduct that "amount[s] to egregious behavior," are considered "extraordinary circumstances." Id. at 2564, 2563. Accord Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003) ("while attorney error normally will not constitute the extraordinary circumstances required to toll the AEDPA limitations period . . . at some point, an attorney's behavior may be so outrageous or so incompetent as to render it extraordinary") (cited approvingly in Holland, 130 S.Ct. at 2564).

In his tolling affidavit, Chung makes the conclusory assertion that trial counsel's "severe negligence caused [the] one-year statute of limitations [to] r[u]n out," DE 1 at page 19. He further avers that "[d]uring the period of final judgment in 1992 to the appeal ending period in 1994 [and through] sentencing," his attorney "abandoned" and "ignored" him, and that "probably because [he, Chung] cannot speak and understand English," counsel "never . . . advise[d] him about [the] one-year statute of limitation to file a motion to vacate . . . Or may be [sic] he thought that there was no issue to raise in that motion." DE 1 at page 23. Chung's papers also reveal that he only made these assertions following "a day in 2011" when a fellow inmate gave him an article about the 2010 Holland decision. DE 1 at pages 23-24.

The Court need not address whether Chung's stale, barebones allegations, obviously tailored to what he read about Holland, could constitute "extraordinary circumstances" because Chung has not shown that the alleged conduct of counsel during the early 1990's is responsible for the near sixteen-year delay in filing. See Jenkins v. Greene, 630 F.3d 298, 303 (2d Cir. 2010) ("petitioner seeking equitable tolling must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing"), cert. denied, 132 S.Ct. 190 (2011). Indeed, Chung has made no showing whatsoever on

3

diligence. He was aware, before his 2010 receipt of the article about Holland, that he had missed the one-year deadline, see DE 1 at page 23, but he has not offered any explanation for why he failed to take any action in pursuit of his rights during the near sixteen-year period he now asks the Court to equitably toll.

Protracted "diligence" analysis is not required, for the Court has encountered no set of facts in the AEDPA tolling jurisprudence that remotely approaches the magnitude of time involved here. Compare Holland, 130 S. Ct. at 2565 (statute likely tolled where, inter alia, "the *very day* that Holland discovered that his AEDPA clock had expired due to [counsel's] failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court") (emphasis in original) and Dillon v. Conway, 642 F.3d 358, 363 (2d Cir. 2011) (statute tolled the necessary *single* day where, inter alia, petitioner "did everything that could have been expected of him" and "went to extraordinary ends" to have a timely petition filed) (internal quotation omitted) with Hamad v. United States, 10 CV 5829, 2011 WL 1626530, *1 (E.D.N.Y. Apr. 28, 2011)(Gleeson, J.) (section 2255 petitioner did not exercise due diligence under Holland because he did not file petition until "well over a year" after the attorney advice he was challenging); Costigan v. United States, 10 CV 3029, 2010 WL 3523004, *2 (E.D.N.Y., Sept. 1, 2010) (Ross, J.) (no basis for tolling an unexplained six-year delay in filing 2255 petition).

## CONCLUSION

For the foregoing reasons, Chung's motion for relief under 28 U.S.C. § 2255 and his separate motion to file an untimely section 2255 application are denied. Chung's request to extend his *in forma pauperis* status to include retrieval of the archived file in his criminal case at

4

taxpayer expense is also denied. Because "the motion and the files and records of the case conclusively show" that Chung "is entitled to no relief," 28 U.S.C. §2255(b), the previously issued Order to Show Cause directing the government to answer the motion (DE 3) is vacated.

SO ORDERED.

Dated: Brooklyn, New York
   January 23, 2012

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge